# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 787 | **DATE** | 3/13/2001 |
| **CASE TITLE** | In Re: Gene L. and Sheila J. Powell | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This case is remanded to the bankruptcy court to award a reasonable fee on the second petition in light of Section 330(a)(3).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/13/2001 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>    GENE L. and SHEILA J. POWELL,<br>        Debtors<br><br>Appeal of:<br>    FELD & KORRUB, | Case No. 00 C 787<br>Hon. Joan H. Lefkow |

DOCKETED
MAR 1 4 2001

## MEMORANDUM DECISION AND ORDER

The law firm of Feld & Korrub ("FK") has appealed from a decision of a United States bankruptcy judge denying a petition for fees for legal services provided to the captioned Chapter 13 debtors, Gene L. and Sheila J. Powell. The matter arises from a core proceeding properly referred to a bankruptcy judge under 28 U.S.C. § 157(a). This court's appellate jurisdiction rests in 28 U.S.C. § 158(a)(1). No party in interest has opposed the relief requested in the appeal.

The facts represented by FK are that the debtors retained FK in connection with a possible bankruptcy petition. The debtors' principal assets were a house and a car, and besides the secured debt on these assets they owed $3,670 to unsecured creditors. A plan was confirmed on November 11, 1997, which provided that debtors would pay the Standing Trustee $330 a month for 51 months, to be allocated to the arrears on secured (100%) and unsecured (10%) debt. Going forward, debtors were to pay the secured lenders directly. At confirmation, the court awarded fees to FK in the amount of $1,325 plus costs, to be paid by an initial $250 payment, and $85 per month thereafter until paid. About 11 months later, the mortgagee moved to modify the stay due to a 4-month arrearage in post-confirmation payments. In December, 1998, at month

13 of the plan, a negotiated resolution by way of an agreed order was achieved. The court at that time allowed fees to FK in the amount of $997.50 on a petition requesting $175 per hour for 5.7 hours of attorney time. This amounted to a total of $2,422 fees awarded to FK in the case. In November, 1999, at month 24, the lender who financed the car moved to modify the stay. Again, FK negotiated with the lender and reached a resolution which included another agreed order. FK submitted an itemized request for compensation in the amount of $534.50 (for 3 hours of attorney time at 175/hour and .1 hour of paralegal time at $75/hour). This time the court denied additional fees to FK. From the bench the bankruptcy judge stated, "[I]t puts you well over the contract," Tr. of 01/18/00 hearing 2, 1.6; expressed its view that FK takes longer for post-confirmation work than "any other firm I know," *id.* at ll. 9-12; and that there was "nothing unusual" about the work that would justify additional fees. *Id.* at 3, ll.3-4.

The issue on appeal is whether the bankruptcy judge abused his discretion in denying FK's second request for additional fees. Under § 330(a)(i) of the Bankruptcy Code, 11 U.S.C. § 330(a)(1), the bankruptcy court may award reasonable compensation for actual, necessary services rendered by an attorney. The decision to award fees and expenses to professionals under § 330 is committed to the discretion of the court. *In re Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir. 1994). Appellate review of the bankruptcy judge's award is "deferential." *In re Taxman Clothing Co.*, 49 F. 3d 310, 314 (7th Cir. 1995) (citing *Leventhal,* 19 F. 3d at 1177).
The court supervises professional fees because they are paid from assets of the estate. *See In re Famisaran*, 224 B.R. 886, 897 (Bankr. N.D. Ill. 1998) (The burden of proof of entitlement to fees is on the law firm, "given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors.") (citation and internal quotation marks omitted). At the same time, § 330 contemplates that reasonable compensation is an entitlement absent

wrongdoing and should be comparable to non-bankruptcy practitioners of comparable skill. *See* GINSBERG & MARTIN ON BANKRUPTCY § 4.05[B][1] (1998 Supp.) ("This provision . . . was meant to abolish the notion that bankruptcy professionals . . . were expected to work for lower rates than their follow professionals who specialize in areas other than bankruptcy because of the 'spirit of economy' in bankruptcy cases.")

To guide the court in determining "reasonable" compensation, the 1994 amendments to § 330, Pub. L. 103-394, § 224(b) (Oct. 22, 1994), direct the court to examine a number of non-exclusive factors in determining a reasonable fee, including the time spent, the rates charged, whether the services were necessary to the administration of, or beneficial to, the estate, whether the amount of time spent was commensurate with the difficulty of the problem addressed, as well as customary compensation of non-bankruptcy attorneys, *see* 11 U.S.C. § 330(a)(3), and to deny compensation where there has been unnecessary duplication or services were not likely to benefit the estate or not necessary, *see* § 330(a)(4); *In re Famisaran*, 224 B.R. at 897.

The record fairly well disposes of any issues under subsection (a)(4), for it could hardly be argued that resolving a motion to modify the stay for a vehicle that has been deemed necessary to the debtors' reorganization is unnecessary, not beneficial, or duplicative.[1] Because the bankruptcy judge had already determined that the compensation for previously performed services was reasonable, his refusal to grant further fees appears to have been a reconsideration

---

[1] Although the court stated that the requested fees put FK "way over the contract," the representation agreement explicitly provides that the estimated fee of $1,500 excluded post-confirmation services. This negates any suggestion of wrongdoing by FK.

Further, the bankruptcy docket presently reports this case as pending. This suggests that the debtors likely continued towards completion of their plan after the resolution of the motion to modify the stay from which the request for fees at issue arose. Thus it is evident that FK's work was both necessary and beneficial to the estate.

of the earlier decisions allowing fees rather than an assessment of the petition before it. This court believes the second petition should have been evaluated on its own merits.

Based on the entire record, as summarized above, this court concludes that the bankruptcy judge abused his discretion when he denied compensation altogether on the second request for fees. Because responsibility to determine reasonableness of fees has been committed to the bankruptcy judge, the case will be remanded to the bankruptcy court to award a reasonable fee on the second petition in light of §330(a)(3).

ENTER:

_____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 13, 2001